## FERNANDEZ' HEIRS v. FERNANDEZ.

### No. 4525.

United States Court of Appeals,
First Circuit.

Nov. 13, 1950.

Rehearing Denied Nov. 27, 1950.

Herbert S. McConnell and McConnell & Valdés, San Juan, P. R., for appellants.

Leopoldo Tormes and Herminia Tormes-Garcia, Ponce, P. R., for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY, Circuit Judge.

PER CURIAM.

In a filiation suit brought by José Antonio Antonetti against the Sucesión of Dr. Eugenio Fernández-García, the Tribunal of the Judicial District of San Juan on January 23, 1947, after a trial on the merits, rendered judgment declaring Antonetti to be a recognized natural child of Dr. Fernández-García. This judgment was affirmed by the Supreme Court of Puerto Rico. Antonetti v. Fernández-García, 68 P.R.R. 447 (1948). Upon further appeal

to this court, it appearing that the case turned on contested issues of fact in respect to which the concurring judgments of the two courts below could not be said to be "inescapably wrong" or "patently erroneous", we entered judgment on November 9, 1948, under our Rule 39(b), affirming the judgment of the Supreme Court of Puerto Rico.

Thereafter, on December 14, 1948, the Sucesión filed in the Tribunal of the Judicial District of San Juan an independent suit against Antonetti praying for a declaration that the aforesaid judgment of January 23, 1947, in the filiation suit "is null and void and lacks any legal force and effect." By order of court, this suit for nullity was removed to the District Court for the Judicial District of Ponce. The defendant Antonetti moved for summary judgment in his favor, but the District Judge on September 28, 1949, denied the motion. Thereafter Antonetti petitioned the Supreme Court of Puerto Rico for a writ of certiorari, which was granted. Upon full consideration, in an elaborate opinion by Mr. Justice Snyder, the Supreme Court of Puerto Rico concluded that there was no genuine controversy as to the facts, and that the District Court should have granted the motion of the defendant for a summary judgment. Since on certiorari the Supreme Court of Puerto Rico is authorized to enter the final judgment which the District Court should have entered, the Supreme Court on March 31, 1950, entered its own judgment, vacating the order of the District Court of Ponce and dismissing the complaint in the nullity proceedings.

The Sucesión duly appealed to this court from the judgment of the Supreme Court of Puerto Rico. Appellee Antonetti filed a motion under our Rule 39(b) for summary affirmance. Upon consideration of the statement on appeal filed by appellants, of appellee's motion to affirm, with supporting brief, of the opposition thereto filed by appellants, and after careful examination of the typewritten transcript of record, including the opinion of the Supreme Court of Puerto Rico, we have concluded that the judgment must be affirmed.

The ground of asserted nullity of the judgment in the filiation suit is that the case was tried, and the judgment rendered, by a person who was neither *de jure* nor *de facto* a judge of the Tribunal for the Judicial District of San Juan. This person was the Honorable Jesús A. González, who was not a regular member of the judiciary but was at the time an Assistant Attorney General of Puerto Rico. González acted in the premises by virtue of a written appointment by the Governor of Puerto Rico. In this document the Governor, after reciting that Honorable Borinquen Marrero, judge of the Tribunal of the District of San Juan, was on temporary leave of absence, designated "Atty. Jesús A. González, Assistant Attorney General, to act as substitute Judge of the aforesaid Court during the absence of the Honorable Borinquen Marrero, or until further order." In making this designation the Governor acted under authority of a provision in § 21 of the Code of Civil Procedure of Puerto Rico (1933 ed.) to the effect that "if the regularly appointed judge is otherwise engaged, the Governor may appoint a substitute judge to act during the time the regular judge shall be disqualified".

The federal questions sought to be raised in this appeal are two: (1) that in so far as the above-quoted provision of § 21 of the Code of Civil Procedure purports to authorize the Governor, without the consent of the Senate, to appoint for a temporary period a substitute judge who is not a member of the regular judiciary, the same is invalid because in conflict with § 49 of the Organic Act, 39 Stat. 967, 48 U.S.C. A., § 873. Subject to the provision for recess appointments contained in § 26, 39 Stat. 959, 48 U.S.C.A. § 812, § 49 provides that "all judges, * * * of courts established or that may hereafter be established in Puerto Rico, and whose appointment by the President is not provided for by law, shall be appointed by the governor, by and with the advice and consent of the Senate of Puerto Rico"; (2) that

in any event, since the aforesaid Jesús A. González failed to take an oath to support the Constitution of the United States and the laws of Puerto Rico before entering upon his duties as substitute judge, he thus failed to qualify as a judge of the Tribunal of the Judicial District of San Juan, because § 10 of the Organic Act, 39 Stat. 955, 48 U.S.C.A. § 874, requires that all officials "before entering upon the duties of their respective offices, shall take an oath to support the Constitution of the United States and the laws of Puerto Rico."

As to the first point, the Supreme Court concluded that § 21 of the Code of Civil Procedure, as interpreted by it, was not in conflict with § 49 of the Organic Act, for that section did not "prohibit the Legislature from making a supplementary provision for appointment by the Governor alone of substitute judges who will act for a brief period in an emergency to avoid a temporary breakdown in the administration of justice." However, the court found it unnecessary to rest exclusively upon this ruling, because it went on to hold that González was at least a de facto judge, as the doctrine of de facto officers is understood and applied in Puerto Rico.

With reference to the second point raised on appeal, as to the failure to take the oath, the court below found it unnecessary to decide whether such failure deprived González of standing as a judge de jure "because the authorities are virtually unanimous that the failure to take the oath of office does not prevent an official who has the other necessary requisites from acting as a de facto officer."

The Supreme Court, in its opinion, pointed out that the Sucesión perhaps could have questioned the validity of González's appointment as a substitute judge during the course of the original filiation suit. "But it failed to do so, although it knew or should have known all the alleged defects in González's status at that time. It remained silent while the case was being litigated in the San Juan Tribunal, this Court and the Court of Appeals. If it

had won on the merits, it would have been the first to support the authority of González to decide the case. Having lost, it now wishes to ignore everything that has gone before and start all over again. But since it did not raise this issue in the filiation case, it cannot now make a collateral attack on the judgment, provided González fulfilled the requirements of a de facto judge. * * * Indeed, one of the purposes of the de facto doctrine is precisely to avoid such a contingency."

In reaching its conclusion that González was at least a de facto judge, whose judgment in the filiation suit was not utterly void and subject to collateral attack, the Supreme Court of Puerto Rico did not, so far as we can see, apply any unorthodox criteria. But we need not examine this matter in detail, for the judicially developed doctrine of de facto officers, and the extent to which a judgment of a de facto judge may be immune from collateral attack, are questions of the local law of Puerto Rico. The Supreme Court of Puerto Rico is free to formulate a local doctrine of de facto officers which may not in all respects coincide with the doctrine as generally applied in the courts here on the Continent. In quite an analogous situation presented in Monagas v. Vidal, 1 Cir., 1948, 170 F.2d 99, 106, certiorari denied 1949, 335 U.S. 911, 69 S.Ct. 483, 93 L.Ed. 444, we held that the Supreme Court of Puerto Rico must be given similar latitude in formulating and applying the local doctrine of res judicata, for it is the primary function of that court "to establish the rules of insular judicial administration to conform with its view of insular public policy".

Since the judgment of the Supreme Court of Puerto Rico is supportable upon an adequate ground of purely local law, as to which we cannot say that the determination of that court is "inescapably wrong", it is clear that the judgment must be affirmed. De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384.

The judgment of the Supreme Court of Puerto Rico is affirmed.