JOSÉ LÓPEZ ABRIL, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ABRAHÁN DÍAZ GONZÁLEZ, JUDGE, Respondent; COMMONWEALTH OF PUERTO RICO, Intervener.

No. 2188. Argued November 10, 1955.—Decided March 19, 1956.

---

*Rodríguez Ema & Rodríguez Ramón* for petitioner. *J. B. Fernández Badillo, Acting Attorney General,* and *José Antonio Arabía, Assistant Attorney General,* for intervener.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

This is a suit against the Commonwealth of Puerto Rico by the former Secretary of the Racing Commission for unpaid salary.[1] The theory of the plaintiff is that he was illegally removed on May 3, 1949. The plaintiff was separated from office by virtue of an agreement of the President and the Alternate Associate Commissioner of the Commission. The contention of the plaintiff is that the controlling statute did not permit the latter to sit as a Commissioner at the time the plaintiff was removed.

José López Abril sued the Commonwealth in the District Court for allegedly unpaid salary in the amount of $895 for the period from May 3, 1949 to August 15, 1949. The parties having filed a stipulation of facts, the trial court entered judgment in favor of the plaintiff. This judgment was reversed on appeal by the Superior Court. We granted the plaintiff's petition for certiorari to review the judgment of the Superior Court.

Section 3 of Act No. 11, Laws of Puerto Rico, 1932, known as the Racing Act of Puerto Rico, as amended by Act No. 184, Laws of Puerto Rico, 1941, provided: First,

---

[1] The Commonwealth consented to this suit by Joint Resolution No. 17 of May 10, 1954.

the Governor shall appoint the President and two Associate Commissioners of the Racing Commission for 3 years and until their successors were appointed and qualified. Second, these terms shall expire on the date the first regular session of the Legislature begins after a general election. Third, the Governor shall appoint an Alternate Associate Commissioner for a term of 3 years who shall hold office temporarily in case of the absence, for any reason, of an Associate Commissioner.[2]

In October, 1948, the Governor accepted the resignation of Guillermo Rubert as Associate Commissioner; on May 3, 1949 this post was still vacant. On May 19, 1948 Dr. José A. Noya was appointed as Associate Commissioner. In November, 1948 a general election was held in Puerto Rico. The first regular session of the Legislature subsequent to that election began in February, 1949. Luis Bigles Becerra was appointed Alternate Associate Commissioner in May,

---

[2] Section 3 reads in part as follows: "An Insular Racing Commission is hereby established, to be composed of an Insular Racing Commissioner, who shall be the chairman of the Commission, and two (2) associate commissioners, all of whom shall be appointed by the Governor with the advice and consent of the Senate of Puerto Rico. The Insular Racing Commissioner shall be appointed for the term of three years and until his successor has been appointed and qualifies; one of said associate commissioners, the first to be appointed, shall hold office for a term of two years, and the other for the term of one year, and hereafter, each one of said associate commissioners appointed for a new term shall hold office for a term of three years and until his successor has been appointed and qualifies; *Provided,* That in every case the term of the appointment of either of said commissioners shall expire on the date when the first regular session of the Legislature of Puerto Rico begins after a general election. All said offices are declared incompatible with any other public office paid by the insular or municipal government.

"The Governor of Puerto Rico shall also appoint, with the advice and consent of the Senate of Puerto Rico, for a term of three years, an alternate associate commissioner who, in case of the absence, for any reason, of one of the associate commissioners, shall hold office temporarily and shall be paid the per diems or compensation of the absent associate commissioner . . ."

Act No. 11 of 1932, as amended, was replaced as the Racing Act of Puerto Rico by Act No. 421, Laws of Puerto Rico, 1950; see 15 L.P.R.A. § 181. Consequently, the question presented here could not occur again.

1948; he took part in the deliberations and agreements of the Commission on various dates in December, 1948 and January-May, 1949. From January 1, 1949 to May 5, 1949, no appointment of an Associate Commissioner was made.

The plaintiff contends that in May, 1949 Bigles could not validly act in place of Noya. According to the plaintiff, Noya's post as Associate Commissioner became vacant under § 3 on the date the 1949 regular legislative session began. He argues that § 3 authorized the Alternate Associate Commissioner to serve only in the event a Commissioner who is still holding office was absent, and that here Bigles could not act because Noya's post was vacant.

Section 3 provided that the Commissioners shall have terms of 3 years and until their successors were appointed and qualified. Under a statute specifically containing such a holding-over clause an officer whose term expires but who continues to serve because his successor has not yet been appointed is a *de jure* officer. *González* v. *District Court*, 62 P.R.R. 152, 156–7; *Acosta* v. *District Court*, 63 P.R.R. 626. The plaintiff contends, however, that where as here the terms of the Commissioners expired by virtue of the election-legislative provision in § 3, the holding-over clause in § 3 did not come into play.

We do not agree. It is true that the Legislature did not repeat in the *Proviso* in § 3 the holding-over clause contained in the previous portion of § 3 which established the three-year term for the Commissioners. Nevertheless, reading § 3 as a whole, we think the Legislature intended the holding-over clause to cover not only the case of a Commissioner whose term expired by the passage of 3 years but also the situation where the terms of all the Commissioners were considered as having expired by virtue of the general election and the convening of the Legislature. In order to agree with the plaintiff we would have to hold that the Legislature intended to wipe out the Commission before the Governor had an opportunity to nominate and the Senate to con-

firm new members. The language of § 3 does not require such an unfortunate result, which would leave the community for a period of time without a legal Commission. *Cf. Ríos* v. *Tax Court*, 72 P.R.R. 119, 122. In § 3 the Legislature provided for three-year terms for the Commissioners, unless sooner terminated by a general election and the beginning of a legislative session. But whether a Commissioner served for the term of 3 years or for a shortened period due to an election, we think the Legislature intended for all the Commissioners to hold over until their successors were appointed and qualified.

■ Under the foregoing interpretation of § 3, Noya was still a *de jure* member of the Commission in May, 1949, as his successor had not yet been appointed at that time. Consequently, since the position was not vacant, Alternate Associate Commissioner Bigles was validly acting under § 3 in Noya's absence in May, 1949. The action of the President of the Commission and Bigles in separating the plaintiff from office as Secretary of the Commission was therefore valid.[3]

The writ of certiorari will be discharged.

Mr. Justice Belaval did not participate herein.

---

[3] The result we have reached makes it unnecessary to determine if Bigles was acting as a *de facto* officer in joining the President of the Commission in removing the plaintiff from office. See *Fernández* v. *District Court*, 71 P.R.R. 149, 168–73, affirmed in 184 F.2d 1015 (C. A. 1, 1950); *González* v. *District Court, supra;* 69 Harv.L.Rev. 760. *Cf. Vergne* v. *Superior Court*, 77 P.R.R. 20.