ROSELLO HNOS., Inc., Plaintiff,
Appellant,

v.

Jesus FIGUEROA et al., Defendants,
Appellees.

No. 5051.

United States Court of Appeals
First Circuit.

May 11, 1956.

Jose T. Marrero Rivera, San Juan, P. R., with whom Victor Rivera Colon, San Juan, P. R., was on brief, for appellant.

Rafael Hernandez Matos, Ponce, P. R., with whom Pedro M. Porrata, Ponce, P. R., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from a judgment of the Supreme Court of Puerto Rico. That judgment affirmed judgments of the Superior Court, Ponce Part, which had dismissed unlawful detainer actions brought by the plaintiff against the three defendants. The actions had been brought in the former District Court, Ponce section, for the recovery of possession of commercial premises in the municipality of Ponce from the defendants who were the tenants in possession of the premises. The plaintiff had given the defendants six months notice to vacate, stating that it intended in good faith to withdraw the premises from the rental market to devote them to a business of its own. The District Court originally dismissed the complaints as insufficient because they did not set forth compliance with the conditions precedent to eviction of a tenant laid down by Section 12–A of the Reasonable Rents Act, Laws 1946, No. 464, as amended by the Act of May 14, 1948, No. 201.

The plaintiff appealed to the Supreme Court of Puerto Rico which, following and applying our decision in Rivera v. R. Cobian Chinea & Co., 1 Cir., 1950, 181 F.2d 974, reversed the judgment of dismissal. The court held that the conditions precedent to eviction set out paragraphs a, b, c and d of subdivision 7 of Section 12–A were invalid under the rule laid down in the Rivera case and that the plaintiff was entitled to recover possession of the leased premises upon proving that it "really has the purpose in good faith of recovering the premises rented to withdraw them from the rental market and devote them to its own use." Rosello Hnos. v. Figueroa, 1953, 74 P.R.R. 403, 414. The Supreme Court accordingly remanded the cases to the Superior Court (which had succeeded the former District Court) for further proceedings.

Upon remand the Superior Court held a full hearing, made elaborate findings of fact, concluded in each case that the plaintiff was guilty of bad faith in seeking to evict the tenant, and again dismissed the actions. The plaintiff then again appealed to the Supreme Court of Puerto Rico, asserting that the finding of bad faith was erroneous, that the court erred in imposing upon the plaintiff the burden of proving its good faith, and that the imposition of such a burden upon it violated the due process clause of the Fifth Amendment. The Supreme Court overruled these contentions and affirmed the judgments of the Superior Court. Rosello Hnos., Inc., v. Figueroa et al., 1955, —— P.R.R. ——. The appeal now before us followed and the plaintiff repeats here the arguments made in the Supreme Court.

The judgment of the Supreme Court must be affirmed. The court held that the good faith required of a lessor by Section 12–A of the Reasonable Rents Act[1] is the good faith recognized in

---

[1] "As exceptions to the provisions of the preceding section, the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings only in the following cases:

*    *    *    *    *

"7. Whenever he needs for himself, in good faith, the commercial or business premises. * * *" 17 L.P.R.A. § 193.

In order to uphold the constitutional validity of subdivision 7 the Supreme

**250**

equity, an honest desire to obtain the leased premises to devote them to his own use and not merely to oust the tenant or work a reprisal upon him for his refusal to acquiesce in the exaction of unlawfully high rentals. It rejected the plaintiff's contention that the good faith required by Section 12–A was merely that contemplated by Section 364 of the Civil Code of Puerto Rico,[2] which section presumes good faith on the part of the possessor of property and places upon the person averring bad faith the burden of proving it. The construction thus placed upon Section 12–A of the Reasonable Rents Act by the Supreme Court of Puerto Rico is binding upon us in the absence of patent error,[3] which certainly does not appear here. We, therefore, accept it as stating the law of the Commonwealth.

◼ Nor can we accept the plaintiff's contention that the imposition of such a test of good faith as a condition precedent to eviction by it of its tenants deprives it of its property without due process of law in violation of the Constitution of the United States. We considered this question in Rivera v. R. Cobian Chinea & Co., 1 Cir., 1950, 181 F.2d 974, and concluded that the Reasonable Rents

Act is not invalid to the extent that it is construed to impose upon the lessor the burden of proving "that he intends in good faith to withdraw the property from the rental market and to devote it to his own personal business." 181 F.2d 974, 979. This holding was in accord with the cases construing similar provisions of the rent regulations issued under section 2(d) of the Federal Emergency Price Control Act of 1942[4] and we adhere to it.[5] It effectually disposes of the plaintiff's contention since the construction which the Supreme Court has placed upon Section 12–A of the Reasonable Rents Act does not take it beyond the requirements approved by us in the Rivera case.

◼ The plaintiff's remaining contention is that the Supreme Court erred in affirming the finding by the Superior Court of bad faith on the part of the plaintiff. This, however, is peculiarly a question of the application of the local law of Puerto Rico. The concurring judgments of the two courts of that Commonwealth are accordingly binding upon us in the absence of patent error which does not here appear.[6]

The judgment of the Supreme Court will be affirmed.

Court of Puerto Rico, as we have pointed out, has construed it to mean "Whenever he desires, in good faith, to withdraw the commercial or business premises from the rental market and devote them to his own use."

2. 31 L.P.R.A. § 1426.

3. Bonet v. Texas Co., 1940, 308 U.S. 463, 470–471, 60 S.Ct. 349, 84 L.Ed. 401; De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 455–459, 64 S.Ct. 1121, 88 L.Ed. 1384; Barcelo & Cia v. Buscaglia, 1 Cir., 1948, 169 F.2d 82, 85; Ballester v. Descartes, 1 Cir., 1950, 181 F.2d 823, 828; South Porto Rico Sugar Co. v. Sierra-Berdecia, 1 Cir., 1953, 203 F.2d 275, 278.

4. Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Taylor

v. Brown, Em.App.1943, 137 F.2d 654, 662–663, certiorari denied 320 U.S. 787, 64 S.Ct. 194, 88 L.Ed. 473; Taylor v. Bowles, Em.App.1944, 145 F.2d 833.

5. It is settled constitutional doctrine that the enjoyment and use of property by the owner can be subjected by the legislature to reasonable restrictions under the police power. Block v. Hirsh, 1921, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865; Marcus Brown Holding Co. v. Feldman, 1921, 256 U.S. 170, 41 S.Ct. 465, 65 L. Ed. 877; Levy Leasing Co. v. Siegel, 1922, 258 U.S. 242, 42 S.Ct. 289, 66 L.Ed. 595.

6. Fernandez' Heirs v. Fernandez, 1 Cir., 1950, 184 F.2d 1015, 1016.