FÉLIX S. HERNÁNDEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, FRANK VIZCARRONDO VIVAS, JUDGE, Respondent.

No. 2143.   Argued March 1, 1955.—Decided June 26, 1956.

*Eudaldo Báez García* for petitioner. *José Sabater* for plaintiff in the main action.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is an action of unlawful detainer brought on the ground of § 12-A-8 of the Reasonable Rents Act of Puerto Rico, which authorizes the landlord to refuse the compulsory extension of the contract if he plans to demolish, in whole or in part, the leased building in order to construct a new one. This section provides that the lessor *may retain for his own use* in the reconstructed property *not more than one dwelling and one business premises, and that the other dwellings and business premises available shall be leased,* in the order of seniority, *to the lessees of the former premises,* and that new contracts must be signed before vacation of the former premises by the tenants. The building involved in this case consists of one single premises, and after demolition and reconstruction it will still consist of one single premises. This being so, it is doubtful whether the right of the former tenant will prevail over the right of the owner to retain, for his own use, the business premises in the reconstructed building.

But there is more. At the hearing of the case, when plaintiff was examined both by his attorney and by

the attorney for the defense as to why he refused to make with the tenant a new lease contract for the premises which would be constructed in the new building, plaintiff answered that he would need the premises to establish a business of his own (Tr. Ev. 2–4, 9, 10, 32, 33). The trial court concluded that the averments had been amended by the evidence, and that the unlawful detainer proceeding was predicated on the ground of § 12-A-7 of the Reasonable Rents Act of Puerto Rico, which authorizes an unlawful detainer proceeding whenever the landlord needs for himself, in good faith, the leased premises, and on that ground it granted the petition.

The above-named defendant, petitioner herein, complains, among others, of such conclusion, alleging that the decision is based on a new cause of action which was not originally alleged. The cause of action is the same—unlawful detainer—except that it is only one cause of action embracing different grounds or reasons for the petition. Assuming, without deciding, that each of the grounds is a separate cause of action, before introducing the evidence the attorney for plaintiff informed the court that "the lessor plans to demolish the building and to construct a new one for his own business." True, the attorney for petitioner called the court's attention to the difference between one allegation and the other; but thereafter he did not object to the presentation of the evidence, or move to strike, or take exceptions, as is the old practice, since the Rules of Civil Procedure do not apply to unlawful detainer proceedings.

The trial court evidently was correct in holding that the case continued to be prosecuted under the provisions of § 12-A-7 of the Reasonable Rents Act. This simplifies somewhat the issue before us, because it is reduced to the proof of three juridical facts: (1) that the contract in question has expired; (2) that the lessee was required to vacate six months in advance; (3) that the owner, in requiring the vacation of the building to be demolished, acted

454

in good faith. *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 403,. 408 (Ortiz) (1953) ; *Heirs of Pérez* v. *Gual*, 75 P.R.R. 361,. 367 (Pérez Pimentel) (1953) ; *Mouriño* v. *Superior Court*,. 76 P.R.R. 256, 259 (Belaval) (1954) ; *Roselló Hnos.* v. *Figueroa*, 78 P.R.R. 250 (Belaval) (1955), affirmed by the United States Court of Appeals for the First Circuit, *Roselló Hnos., Inc.* v. *Jesús Figueroa et al.*, 233 F. 2d 248, 249 (Maris) (1956).

■ The contract in the instant case had expired; the tenant was duly notified, and there was no substantial controversy as to the good faith. The defendant, petitioner herein, also invites our attention to the fact that, since the premises in question is one single premises made up of two adjoining premises belonging to different owners, it might constitute an impediment to the eviction.

As to this last point, the evidence showed that the defendant, appellant herein, leased the two separate premises from the respective owners; that the wall which divided them had been demolished to make one single premises; that such wall was not a party wall; that there is a set of columns which limits the area of each of the two adjoining premises and facilitates the separation of the two premises; that according to the plans for the construction of the new building, duly approved by the Planning Board, the new construction will be wholly situated within plaintiff's lot. This being so, the "fundamental issue" which might bar the present action does not exist.

The contention that the description of the property to be vacated is not sufficient is without merit, since it is an urban property the perimeter of which, besides being properly defined, was surveyed recently.

The writ issued is annulled.