DOMINGO PIOVANETTI y MARÍA LUISA PIOVANETTI, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ÁNGEL M. UMPIERRE, JUEZ, recurrido; FÉLIX MALDONADO RODRÍGUEZ, interventor.

*Número:* CE-63-1    *Resuelto:* 28 de junio de 1963

*Juan F. Ramírez Albite* y *Nicolás Torres Marrero,* abogados de los peticionarios; *José R. Fournier* y *Luis A. Castro,* abogados del interventor.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El interventor Félix Maldonado Rodríguez compró una casa de apartamientos en el barrio Miramar, de Santurce, Puerto Rico, uno de cuyos apartamentos en la planta baja estaba arrendado por el anterior dueño a los peticionarios Domingo Piovanetti y María Luisa Piovanetti y dedicado por estos últimos a casa de hospedaje. Tan pronto adquirió dicha propiedad, el interventor le requirió por escrito a los peticionarios que desocuparan el apartamento para ocuparlo él y su familia como vivienda. Habiéndose negado los peticionarios a desocupar el apartamento, el interventor radicó contra ellos una demanda de desahucio en el Tribunal de Distrito de Puerto Rico, Sala de lo Civil de San Juan, alegando: "Que el demandante compró la referida propiedad con fecha anterior a la radicación de esta demanda con el propósito de convertirla de buena fe en la vivienda de él y su familia . . . Que para poder habilitar la vivienda totalmente y dedicarla a vivienda de él y de su familia, de buena fe, el demandante requirió a los demandados por escrito, con copia a la Administración de Estabilización Económica, hace seis (6) meses que desocuparan la parte de la vivienda que ocupan y la dejaran a la libre disposición del demandante y a pesar de este requerimiento de desalojo los demandados continúan ocupando y detentando el uso de la propiedad como vivienda . . . Que el demandante de buena fe necesita la parte de la vivienda que ocupan y detentan los demandados."

Contestaron los peticionarios negando los hechos alegados y formulando las siguientes defensas afirmativas: "Tercero: El demandante, con fecha anterior a esta demanda había desalojado y nuevamente arrendado otros apartamientos del edificio de dos (2) plantas ubicado en la Calle Hoare # 710 a que se refiere la demanda, con el pretexto de dedicarlos a su vivienda y la de su familia; cuarto: El demandante se mudó recientemente a uno de los apartamientos de la planta alta de dicho edificio donde vive actualmente con su familia, habiendo

reparado y pintado dicho apartamiento para tales fines y asimismo establecido su residencia en dicho sitio; quinto: Que el demandante sabe y tiene conocimiento que el local que ocupan los demandados, por su tamaño y divisiones; solamente puede usarse para fines de negocio; y como tal negocio los demandados han venido ocupándolo durante los últimos cinco (5) años con anterioridad a la compraventa del edificio anteriormente citado, y han venido pagando la correspondiente renta mensual por adelantado incluyendo el presente mes de septiembre de 1962; sexto: Que el demandante tiene y continúa alquilando otras partes del inmueble descrito en la demanda y siendo ello así no tiene el demandante el propósito de destinar dicho inmueble completamente y en totalidad a su vivienda; séptimo: Que de ser cierto el propósito del demandante de destinar el inmueble a su vivienda, se estaría asimismo interesando el desalojo de otros arrendatarios que ocupan otra parte del edificio que se menciona en la demanda; octavo: Que el demandante no necesita de buena fe recobrar la posesión del local que ocupan los demandados para destinarlo a su vivienda de él y de su familia siendo el verdadero propósito e interés del demandante desalojar a los demandados para arrendar el lugar que ocupan éstos, con mayor lucro y provecho pecuniario para el demandante."

Señalado el caso para el día 2 de octubre de 1962, comparecieron las partes y se produjo por el demandante, ahora interventor, de acuerdo con la relación del caso preparada por el ilustrado Juez sentenciador, la siguiente prueba: El interventor declaró "que la parte de abajo de esa propiedad ya que el edificio es de dos plantas está arrendada al demandado Domingo Piovanetti. El 7 de marzo de 1962 le hizo requerimiento a la familia Piovanetti para que desocupara la vivienda esa. Dice que en esa fecha escribió una carta certificada al Sr. Piovanetti. Ese 7 de marzo, fecha que envió la carta certificada a Piovanetti le envió copia de la misma a la Oficina de Estabilización Económica. No recibió contestación

de la carta que le envió a Piovanetti requiriéndole que desocupara la casa, o sea, la parte de abajo del edificio. Tampoco recibió la carta devuelta por correo . . . Sigue declarando que radicó esa demanda porque necesita esa propiedad, porque él la compró sin engaño para usarla para su uso propio . . .'' Contrainterrogado por el abogado de la parte demandada, siguió declarando: "Que él vive en el mismo edificio que tiene alquilado el local a Piovanetti. Vive en la planta alta del edificio y Piovanetti tiene alquilado la planta baja de ese mismo edificio. La vivienda que él [el interventor] ocupa tiene 5 habitaciones. No está obligado a desalojar esa vivienda. Tres habitaciones de su vivienda están ocupadas con muebles que no le caben. Su familia se compone dice, de su esposa, y una nieta y dos niños. También reside con ellos la Sra. Colón. Que su nieta tiene padre y madre pero están ausentes. Dice que no tiene hijos menores no emancipados que vivan con él . . . [S]igue declarando que es dueño de otro edificio dedicado a vivienda en otro sitio. Dice que tiene más casas ubicadas en Villa Palmeras y están alquiladas. Que no ha tratado de desalojar a los inquilinos de esos edificios. Dice que [en] el edificio donde vive Piovanetti éstos tienen un *'Boarding House'*. Que en ese edificio el único inquilino es Piovanetti. Dice que en su casa vive la ex-esposa de un compañero policía, que no paga canones de arrendamiento. A esa señora Colón ellos le cuidan los niños y le dan casa a ella. Pues esa señora trabaja fuera. Que no le paga compensación en alguna forma. El testigo dice que nunca recibió contestación de los señores Piovanetti. Luego le escribió otra carta a Piovanetti y le suplicó que desocupara la casa. Esa carta tiene fecha 15 de agosto de 1962. Que recibió contestación de la segunda carta pero no de la primera. Dice que los señores Piovanetti tienen otra residencia donde viven. Que ese local lo tienen subarrendado. No lo ocupan. Que la carta se la envió cuando ellos lo estaban ocupando. Que los Piovanetti le vendieron los muebles a otra persona . . . que Piovanetti le paga a ellos $140.00 mensuales

de canon de arrendamiento. Que Piovanetti siempre le ha pagado el canon de arrendamiento. Que Piovanetti lo que tenía con el Dr. González era un contrato de mes a mes. El testigo dice que tiene otras propiedades para alquiler. Que ninguna de esas propiedades constituye su hogar. Su hogar está en la calle Hoare 710 de Santurce. Esa casa de la Calle Hoare tiene dos plantas."

De acuerdo con la relación del caso, el segundo testimonio prestado en favor del demandante, es el testimonio de la esposa de éste, la señora Carmen María Roche de Maldonado, quien declara que "vive en la Calle Hoare 710 de Santurce desde el 22 de agosto de 1962." Reside en el segundo piso de ese edificio. Dice que en el piso de abajo vive una familia de apellido Velázquez o sea Ramona Velázquez. Sigue declarando que la señora Colón tiene dos niños. Ella (la testigo) se los ha criado. La niña tiene trece años y el niño tiene 10. La señora Colón trabaja en el National City Bank. La testigo cuida de esos niños. La testigo declara que ellos compraron esa propiedad para fines propios, para ellos. La compraron para los fines que crean conveniente para *negocio de ellos*. Que la reclama de buena fe sin daño alguno. El tercer testimonio en favor del demandante es el testimonio de la señora Esther Colón, quien declara: "Que vive en la calle Hoare 710 de Santurce en la casa de la familia Maldonado Roche. La testigo dice que trabaja en el Banco National City Bank hace 19 años. Tiene dos hijos, una hija de 13 años y un hijo de 10. Doña Carmen Roche se los cuida. Ella no paga renta alguna a Maldonado. La ayuda en algo para el cuidado de sus hijos. Conoce a Maldonado hace muchos años. En los bajos de la casa hay un *'boarding house'* y no es de Maldonado. Dice que es de Piovanetti. No sabe cuando Maldonado radicó la demanda y que la reclamaba para uso personal. Dice que con los Maldonado vive también una nietecita de ellos. Dice que en la parte superior de la casa o sea en la vivienda de los Maldonado hay muebles que hay que cambiarlos a otro sitio. Hay hacina-

miento. Hace falta más sitio para poner muebles. La testigo dice que es divorciada y su ex-esposo vive en Mayagüez. Ella gana $250.00 mensuales en el banco. Allí trabaja hace 19 años. Sus nenes están muy felices con ellos. Ella está contenta con el trato que los Maldonado le dan a sus nenes." Cuando terminó la prueba de la demandante, la parte demandada le anunció al Tribunal que no presentaría prueba alguna, y sometió el caso por la prueba presentada por la parte demandante.

Con vista a esta prueba, el ilustrado Juez sentenciador, al declarar sin lugar la demanda llegó a las siguientes conclusiones: "El demandante [aquí interventor] es dueño de otros edificios situados y localizados en la zona metropolitana y están dedicados a vivienda. El demandante no ha tratado de desalojar a los inquilinos residentes en estos edificios . . . El demandante no logró probar que interesa de buena fe recobrar la posesión del inmueble que ocupan los demandados para destinarlo a sitio de residencia suya y de su familia, tendiendo más bien a establecer que los demandados han subarrendado parte del inmueble objeto de la demanda a pesar de que no es esa la causal de desahucio que se alega en la demanda . . . La demanda de autos ha sido interpuesta de mala fe . . . La buena fe del demandante en recobrar la posesión del inmueble para destinarlo a lugar de residencia de él y su familia debe probarse de manera satisfactoria para que proceda el desahucio . . . En este caso el Tribunal concluye que el demandante no estableció los elementos esenciales de la causal de desahucio invocada en la demanda, por lo que no procede el desahucio que se solicita."

Solicitada la revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan, esta última sala revocó la sentencia dictada por los siguientes fundamentos: "La única controversia en este caso es la cuestión de la buena fe. El demandante es dueño de la propiedad, ocupa parte de la misma con su familia, requirió el desalojo al adquirirla, le concedió el tér-

mino de seis meses y no hubo controversia sustancial en cuanto a la buena fe. No existe motivo razonable para no creer (a) los testigos de la parte demandante cuyas declaraciones no han sido contradichas. No existen otras circunstancias que indiquen mala fe. La buena fe no se presume y recae sobre el demandante el peso de la prueba sobre su buena fe. Nada indica fraude, colusión o engaño del demandante. Sostenida la buena fe en la prueba nada la ha destruido."

En su solicitud ante nos, los peticionarios señalan tres errores: Sólo dos de ellos merecen consideración. Primero: El Tribunal recurrido cometió error al concluir en su sentencia que la prueba del demandante había sostenido la buena fe que se invoca en la demanda y que no hubo controversia sustancial en cuanto a la buena fe. Segundo: El Tribunal recurrido cometió error al sostener que la única controversia en el caso es la cuestión de la buena fe.

La ley aplicable al caso son los Arts. 12 y 12-A de la Ley de Alquileres Razonables de Puerto Rico en la parte que disponen: "Sea cual fuere la fecha de su edificación u ocupación y tanto en las viviendas como en los locales de negocio, aunque cambie el dueño o el titular arrendador, llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes. La anterior es aplicable tanto a contratos escritos como a convenios verbales y la prórroga se entenderá por los plazos que fija el art. 1471 del Código Civil pero nunca por un período mayor que la duración de la emergencia declarada . . .

"Como excepciones a lo dispuesto en la sección precedente, el arrendador podrá negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de desahucio solamente en los casos siguientes: . . . 6. Por necesitar de buena fe la vivienda, o parte de ella, para su uso personal y ocupación inmediata como sitio de residencia. (a) El arren-

dador vendrá obligado a acreditar su buena fe y la necesidad que tiene de recobrar la vivienda, presumiéndose las mismas no acreditadas, sin perjuicio de otros, en los siguientes casos: (1) Cuando el arrendador tuviere disponible alguna otra vivienda adecuada de su propiedad en la misma localidad en la cual pudiere fijar su residencia. (2) Cuando, domiciliado en casa vivienda adecuada, sita en la misma localidad, no estuviere obligado a desalojarla por causas ajenas a su voluntad. (3) Cuando en cualquier momento durante los seis meses anteriores a la notificación de desalojo indicada en el inciso 6(b) de esta sección, se hubiera desalojado vivienda de características similares en edificio propiedad del arrendador y éste no la hubiere dedicado, sin justa causa para ello, a residencia propia. (4) Cuando, durante el año anterior a la referida notificación de desalojo, el arrendatario hubiere vendido, cedido o arrendado vivienda propia en la cual residía, a menos que pruebe a satisfacción del tribunal que al momento de efectuar tal transacción las circunstancias eran tales que no había razón para suponer el arrendador que tendría necesidad de dirigirse sobre la casa que ahora trata de recobrar por haber desalojado la que ocupaba . . ."

◼ 1-2- No hay duda que la prueba de la buena fe recae totalmente sobre la parte demandante en una acción de desahucio: *Roselló Hnos.* v. *Figueroa,* 78 D.P.R. 261 (Belaval) (1955) cita precisa a las págs. 270 y 272 confirmada en *Roselló Hnos. Inc.* v. *Figueroa,* 233 F.2d 248 (Maris) (1956) cita precisa a las págs. 249–250. Es por esta razón que el ilustrado Juez Sentenciador del Tribunal de Distrito concluyó que el demandante en desahucio no había probado su buena fe, a pesar de que los demandados en desahucio no presentaron prueba sometiendo el caso por los hechos establecidos durante el interrogatorio del demandante. Si se examina la prueba se verá que el demandante creyó como suficiente para establecer la buena fe, el hecho de haber comprado la casa para

*uso* propio, haberle notificado al inquilino que desalojara y que éste no la ha desocupado.

Sin embargo, durante el contrainterrogatorio quedaron establecidos otros hechos importantes: Que el demandante en desahucio vive en el mismo edificio en una vivienda de cinco habitaciones; no está obligado a desalojar dicha vivienda puesto que es de su propiedad. La razón principal por la cual él interesa el desalojo del inquilino es porque de las cinco habitaciones que tiene su vivienda, tiene tres ocupadas con muebles, no sabemos si muebles pertenecientes al ajuar casero o muebles para poner un negocio de hospedaje parecido al de los esposo Piovanetti. Que tiene otras casas alquiladas dentro del mismo perímetro urbano.

El ilustrado Juez sentenciador tuvo razón al concluir como lo hizo, ante estos hechos, que no se había probado la buena fe del demandante. Consideradas todas las circunstancias del caso, las mismas no demuestran la situación de derecho justo que exige el Art. 12-A (6) (a) de la Ley Núm. 464 de 25 de abril de 1946, segun enmendada por la Ley Núm. 201 de 14 de mayo de 1948.

La ilustrada Sala sentenciadora, del Tribunal Superior de Puerto Rico, sin duda, impresionada por el hecho que los demandados no habían presentado prueba, consideró probada la buena fe del demandante. El estudio de la prueba nos demuestra que tal conclusión es errónea, puesto que durante el contrainterrogatorio el demandante estableció con su propio testimonio, aquellas circunstancias que militan en contra de la exposición de la buena fe.

*Debe revocarse la sentencia dictada el 5 de diciembre de 1962 por la Sala de San Juan del Tribunal Superior de Puerto Rico y dejar en todo su vigor y efecto la sentencia dictada el día 5 de octubre de 1962 por el Tribunal de Distrito de Puerto Rico, Sala de lo Civil de San Juan.*